UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WINFIELD ARNOLD,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, et al.<br><br>Respondents. | No. 2:22-cv-2210 DC CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding with counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of 73-years-to-life imprisonment following a jury trial in the Superior Court of Sacramento County resulting in numerous convictions arising from the repeated molestation of petitioner's grandnephew. CT 756-59. Petitioner claims the trial court violated his right to due process by not ordering an evaluation of his competency to stand trial. For the reasons which follow, the court recommends that the petition for writ of habeas corpus be denied.

I. Background

The California Court of Appeal provided the following background concerning the claim presented here:

> In January 2018, defendant was charged by felony complaint. In March 2019, the matter was assigned to a courtroom for jury trial. On that same day, defense counsel advised the trial court that

1

defendant had been diagnosed with cancer and would likely need "emergency surgery." Thereafter, at the request of the defense, the trial was continued multiple times due to defendant's medical condition. Finally, on September 18 and 24, 2019, the trial court denied the defense's requests to continue trial. The court scheduled jury selection to begin on September 30, and indicated that, due to defendant's medical condition, trial proceedings would end at noon each day.

On September 30, defense counsel declared a doubt as to defendant's competence to stand trial and requested the court order a competency evaluation pursuant to [Cal. Penal Code ] section 1368, asserting that defendant was suffering from "post-chemo cognitive impairment," that made it "almost impossible for [counsel] to work with him." In support of his request, defense counsel explained that defendant was having difficulty focusing, understanding, and remembering things, and indicated that counsel had consulted with a psychologist (and cancer survivor), who told him that chemotherapy causes haziness, memory loss, and impairment. Defense counsel represented that he had also reviewed a "plethora" of medical articles on the effect of chemotherapy on cognitive functioning. He requested a competency evaluation based on what he characterized as a good-faith declaration of doubt regarding defendant's competence to stand trial.

When the trial court asked defense counsel if he had filed anything in support of his request, counsel pointed to a declaration that had been executed by co-counsel a week earlier but filed that day, which asserted that defendant was unable to assist in his defense at trial due to his medical condition. After reviewing the declaration, the trial court stated that it did not contain anything suggesting defendant was incompetent, noting that the only thing that remotely touched on competency was defendant's difficulty concentrating on questions posed in preparation of his defense and frequent requests that questions from counsel be repeated. The court noted that, aside from this declaration and its own observations of defendant over many months, there was nothing else for it to consider in ruling on the defense's request, including any evidence supporting the observations of defense counsel. The court stated that defendant seemed "completely sound" from a "mental point of view," noting that there was nothing before the court showing "any mental competency issues at all." When asked, defense counsel indicated that the psychologist he consulted with had not engaged in a clinical diagnosis of defendant or interviewed defendant for purposes of his competence to stand trial. Defense counsel stated that the psychologist had interviewed defendant but he could not recall when the interview occurred, although he noted it was not "in the last few days."

After the trial court asked defendant a series of questions related to the nature of the proceedings, his willingness to assist in his defense, and his medical condition, and heard argument from counsel (which included the prosecutor pointing out that defendant's chemotherapy treatments had ended several months earlier), the court denied the defense's request to declare a doubt as to defendant's competence to

stand trial and order a competency evaluation.[1] In doing so, the trial court relied on the lack of evidence supporting such relief and its own observations of defendant. The court noted that defendant had completed his medical treatments four months earlier, and found that defense counsel's declaration of doubt as to defendant's competence was not well-founded and questioned whether it was made in good faith, also noting that the continuance was requested prior to the request for the competency evaluation. It found no evidence before it about "chemo brain," including how chemotherapy affects a person's memory four months after treatment, and that it did not see any evidence of that "particular concern." The court stated that defendant "clearly understands what we are doing here in court" and was able to express himself in a logical, cogent, and linear manner.[2]

ECF No. 8-10 at 4-6.[3]

II. Standard for Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

/////

---

[1] As part of his argument, defense counsel noted that he had filed numerous declarations over the past several weeks that indicated defendant was unable to effectively assist counsel. In ruling on the competency issue, the trial court stated that it had reviewed all the declarations that had been filed by the defense but could not "recall a particular emphasis on [defendant's mental] competency" in any of those declarations, although the court noted that counsel had expressed a concern about defendant's forgetfulness in connection with the most recent motions to continue trial.

[2] In his opening brief, defendant concedes that his answers to the trial court's questions "showed he understood the process fairly well."

[3] For a summary of the evidence presented at trial, see id. at 2-4.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the last reasoned decision was issued by the California Court of Appeal. ECF No. 8-10.

III. Analysis

    A. Decision of the Court of Appeal

The Court of Appeal identified relevant federal and state law pertaining to petitioner's claim as follows:

> " 'Both the due process clause of the Fourteenth Amendment to the United States Constitution and state law prohibit the state from trying or convicting a criminal defendant while he or she is mentally incompetent.' [Citations.] 'A defendant is incompetent to stand trial if [he] is unable to consult with [his] attorney with a reasonable degree of rational understanding or lacks a rational and factual understanding of the proceedings against [him].' " (*People v. Woodruff* (2014) 5 Cal.5th 697, 720-721.) The threshold for competence is low. "Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." (*Godinez v. Moran* (1993) 509 U.S. 389, 402.) "Competence to stand trial requires 'the mental acuity to see, hear and digest the evidence, and the ability to communicate with counsel in helping prepare an effective defense.' " (*People v. Johnson* (2018) 21 Cal.App.5th 267, 276.)
>
> "[Cal. Penal Code S]ection 1368 requires that criminal proceedings be suspended and competency proceedings be commenced if 'a doubt arises in the mind of the judge' regarding the defendant's competence (*id*., subd. (a)) and defense counsel concurs (*id*., subd. (b))." (*People v. Rodas* (2018) 6 Cal.5th 219, 231; see also *People v. Wycoff* (2021) __ Cal.5th __ [2021 Cal. LEXIS 5998, at p. *46] (*Wycoff*).) Our Supreme Court has determined that a competency hearing is also required if defense counsel informs the trial court that he or she has a doubt as to the defendant's competency and produces substantial evidence that the defendant is not competent: "[O]nce the accused has come forward with substantial evidence of incompetence to stand trial, due process requires that a full competence hearing be held as a matter of right." (*People v. Welch* (1999) 20 Cal.4th 701, 738.) A competency hearing is required under such circumstances "no matter how persuasive other evidence -- testimony of prosecution witnesses or the court's own observations of the accused -- may be to the contrary.' " (*Wycoff*, *supra*, __ Cal.5th __ [2021 Cal. LEXIS 5998, at p. *50].) " 'When faced with conflicting evidence regarding competence, the trial court's role under . . . section 1368 is only to decide whether the evidence of incompetence is substantial, not to resolve the conflict. Resolution must await expert examination and the opportunity for a full evidentiary hearing.' [Citation.] In other words, once a trial court has before it substantial evidence that a defendant is not mentally competent, its own observations of the defendant's competence cannot take the place of the formal competence inquiry under sections 1368 and 1369." (*Wycoff,* at p. *48.)
>
> "When a doubt exists as to the defendant's mental competence, the court must appoint an expert or experts to examine the defendant.

5

> The issue is then tried to the court or a jury under the procedures set out in . . . section 1369. Except as provided in . . . section 1368.1 (allowing for probable cause and motion hearings in certain circumstances), all criminal proceedings are to be suspended until the competence question has been determined." (*People v. Rodas*, *supra*, 6 Cal.5th at p. 231.)
>
> " 'The decision whether to order a competency hearing rests within the trial court's discretion, and may be disturbed upon appeal "only where a doubt as to [mental competence] may be said to appear as a matter of law or where there is an abuse of discretion." . . . On review, our inquiry is focused not on the subjective opinion of the trial judge, but rather on whether there was substantial evidence raising a reasonable doubt concerning the defendant's competence to stand trial. [Citation.] . . . A trial court reversibly errs if it fails to hold a competency hearing when one is required under the substantial evidence test.' " (*People v. Woodruff*, *supra*, 5 Cal.5th at p. 721; see *People v. Rogers* (2006) 39 Cal.4th 826, 847 (*Rogers*) ["A trial court's decision whether or not to hold a competence hearing is entitled to deference, because the court has the opportunity to observe the defendant during trial"].)
>
> Substantial evidence of incompetence is evidence "that raises a reasonable or bona fide doubt concerning the defendant's competence to stand trial." (*Rogers*, *supra*, 39 Cal.4th at p. 847.) Such evidence "may emanate from several sources, including the defendant's demeanor, irrational behavior, and prior mental evaluations." (Ibid.) "The word 'substantial' does not mean that for a doubt to arise, there must be a large quantity of evidence of a defendant's incompetence; rather, it means that there must be some evidence of sufficient substance that it cannot be dismissed as being inherently unpersuasive." (*Wycoff*, *supra*, __ Cal.5th __ [2021 Cal. LEXIS 5998, at p. *48].)
>
> While a defense counsel's declaration of doubt as to the defendant's competence supports holding a competency hearing, it is not sufficient to require one. " 'Counsel's assertion of a belief in a client's incompetence is entitled to some weight. But unless the court itself has declared a doubt as to the defendant's competence, and has asked for counsel's opinion on the subject, counsel's assertions that his or her client is or may be incompetent does not, in the absence of substantial evidence to that effect, require the court to hold a competency hearing.' " (*People v. Sattiewhite* (2014) 59 Cal.4th 446, 465.) The doubt which triggers the obligation to order a competency hearing is determined objectively from the record. (*People v. Johnson*, *supra*, 21 Cal.App.5th at p. 276.) The question is whether a reasonable jurist, with the benefit of the available information, would have developed a doubt as to defendant's mental competence. (*Ibid*.)

ECF No. 8-10 at 7-9.

/////

/////

The Court of Appeal analyzed petitioner's claim as follows:

> The record simply does not disclose substantial evidence raising a reasonable doubt as to defendant's competence to stand trial. As we have discussed, it is not disputed that defendant answered the trial court's questions regarding competence in a manner that did not evidence incompetence. The primary evidence relied on by defendant in the trial court was a declaration submitted by one of his attorneys. The half-page conclusory declaration stated as follows: (1) defendant was under medical distress and acute physical discomfort in recent meetings; (2) defendant had difficulty concentrating on questions posed to him in preparation of his defense and frequently asked for the questions to be repeated; (3) defendant went to the bathroom three times over the course of 20 minutes, was "fine" for the next 45 minutes, and then went to the bathroom twice in the following 15 minutes; (4) during a three-hour meeting with defendant, "the conversation constantly digressed to his current medical symptoms and/or his bleak medical prognosis"; and (5) in counsel's opinion, defendant cannot assist in his own defense due to his medical condition. In his reply brief on appeal, defendant points to a declaration executed by lead trial counsel that was filed in support of his motion to continue trial but was signed approximately one week before counsel declared a doubt as to defendant's competence. As relevant here, the declaration (which defense counsel vaguely referenced at the hearing on the competency issue) stated that, according to defendant's treating physician, the new medication prescribed to defendant would affect his cognitive functioning for at least 30 days, including compromising his ability to focus. The declaration further stated that, research conducted by counsel, showed that the new medications would impact defendant's mood, stability, and clarity, and that counsel had personally witnessed defendant be forgetful and non-linear in his thinking and memory.
>
> After review of the record, we cannot conclude the trial court erred. The evidence in the record does not raise "a reasonable or bona fide doubt concerning the defendant's competence to stand trial." (*Rogers*, *supra*, 39 Cal.4th at p. 847.) The defense's assertion that defendant was incapable of assisting counsel in his defense due to memory impairment and other side effects from his cancer treatment was not supported by any mental health testimony or other evidence directly from a treating physician or mental health expert (e.g., mental evaluation, medical report) who had recently examined defendant and offered an opinion as to his mental condition, including an opinion as to how the newly prescribed medication was affecting his cognitive functioning. (See *People v. Sattiewhite*, *supra*, 59 Cal.4th at p. 465 [" '[I]f a qualified mental health expert who has examined the defendant " 'states under oath with particularity that in his professional opinion the accused is, because of mental illness, incapable of understanding the purpose or nature of the criminal proceedings being taken against him or is incapable of assisting in his defense or cooperating with counsel,' " that is substantial evidence of incompetence.' "]; *Wycoff*, *supra*, __ Cal.5th __ [2021 Cal. LEXIS 5998, at pp. *55-56][professional opinion of mental health expert in formal report addressed to the trial judge may

7

>constitute substantial evidence of incompetence].) Nor was it evidenced by any interactions with the court. A doubt as to defendant's mental competence does not appear as a matter of law and no abuse of discretion appears.

ECF No. 8-10 at 9-12.

### B. Procedural Default

While the Court of Appeal did reach the merits of the claim presented here, the court also found that the claim was forfeited because appellate counsel "failed to support his argument with any citation to the appellate record" which, according to the Court of Appeal, is required under California law. ECF No. 8-10 at 9. For this reason, respondent asserts the claim presented here is procedurally defaulted.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order to demonstrate that a state procedural rule is "adequate" to provide a basis for procedural default, it must be shown that the rule is, among other things, "consistently applied." Calderon v. United States Dist. Court for the E. Dist. of Cal., 96 F.3d 1126, 1129 (9th Cir. 1996).

Respondent does not attempt to show the rule identified above is consistently applied. Accordingly, respondent has not established that petitioner's claim is procedurally defaulted.

### C. Relief Precluded under 28 U.S.C. § 2254(d)

"A defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." Ryan v. Gonzales, 568 U.S. 57, 66 (2013) (internal quotations omitted). "The failure to observe procedures adequate to protect a [criminal] defendant's right not to be tried or convicted while incompetent to stand trial deprives him of . . . due process. . ." Id. at 65 (internal quotations omitted). While the Supreme Court has never elicited precise procedures a court must utilize with respect to ensuring a defendant is competent

to stand trial, the Court has indicated that if the record reflects "sufficient doubt" of competence, "further inquiry" must be made. Drope v. Missouri, 420 U.S. 162, 180 (1975).

Petitioner fails to point to anything suggesting California's procedures for determination of competency run afoul of clearly established federal law a determined by the Supreme Court. Petitioner does appear to assert that Court of Appeal misapplied Pate v. Robinson, 383 U.S. 375, 385-86 (1966). In that case the Supreme Court found that evidence concerning petitioner's mental state known to the trial court before trial required that the trial court hold a competency hearing:

> The Supreme Court of Illinois held that the evidence here was not sufficient to require a hearing in light of the mental alertness and understanding displayed in Robinson's 'colloquies' with the trial judge. 22 Ill.2d, at 168, 174 N.E.2d, at 823. But this reasoning offers no justification for ignoring the uncontradicted testimony of Robinson's history of pronounced irrational behavior. While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue. Cf. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), reversing, 96 U.S.App.D.C. 117, 120, 223 F.2d 582, 585 (1955). Likewise, the stipulation of Dr. Haines' testimony was some evidence of Robinson's ability to assist in his defense. But, as the state prosecutor seemingly admitted, on the facts presented to the trial court it could not properly have been deemed dispositive on the issue of Robinson's competence.

Here, on the day trial was finally scheduled to begin after numerous continuances, trial counsel for the first time suggested that petitioner might be incompetent, asserting that chemotherapy administered four months prior to trial may have caused petitioner "post chemo cognitive impairment." ECF 8-4 at 240. The trial court was able to, in reasonable measure, inquire regarding the limits on petitioner's abilities and found that further inquiry as to petitioner's competence to stand trial was not required. Petitioner had no history of "pronounced irrational behavior," nor did petitioner have had a "long history of disturbed behavior." Pate, 383 U.S. at 378. In sum, this case is readily distinguishable from Pate.

Because the California Court of Appeal's did not misapply Pate, and because petitioner makes no further attempt to show habeas relief is not barred by 28 U.S.C. § 2254(d), petitioner's petition for a writ of habeas corpus must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

habeas corpus (ECF No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
arno2210.157